inute Order Form (06/97)

# United States District Court, Northern District of Illinois

JS-6

| Name of Assigned Judge or Magistrate Judge | CHARLES R. NORGLE SR. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 04 C 4303 | DATE | 9-24-04 |
| CASE TITLE | U.S. ex rel. James Porm (IDOC #A-06322) v. Jay Merchant, Warden | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

## DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition for writ of habeas corpus is dismissed without prejudice for failure to exhaust state-court remedies, terminating case. Petitioner's motion to excuse exhaustion requirement [5-1] is denied; all other pending motions are denied as moot.

(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT 2004 SEP 27 AM 11:41 | date mailed notice | |
| KS | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

United States ex rel. )
)
JAMES PORM, )
)
    Petitioner, )  No. 04 C 4304
)
    v. )
)  Judge Charles R. Norgle, Sr.
JAY MERCHANT, Warden )
)
    Respondent. )

DOCKETED
SEP 2 8 2004

## MEMORANDUM OPINION AND ORDER

Petitioner James Porm, a prisoner in the custody of the Illinois Department of Corrections incarcerated at Vienna Correctional Center, was convicted of attempt aggravated robbery by the Circuit Court of Cook County, Illinois, on May 24, 2001, following a negotiated guilty plea and sentenced to ten years' imprisonment. This *pro se* petition for habeas corpus under 28 U.S.C. § 2254 challenges the three-year period of supervised release that will follow petitioner's release from prison.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the court to review the petition and its exhibits before ordering a response. The court may summarily dismiss the petition if it plainly appears that the petitioner is not entitled to relief. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993).

Petitioner did not appeal his conviction or sentence. Petitioner states that he filed a petition for post-conviction relief in the Circuit Court of Cook County on April 27, 2004, raising the claim asserted in his habeas petition.[1] The Circuit Court relief on May 27, 2004, and petitioner's appeal to the Illinois Appellate Court, First District, is currently pending. According to publicly-accessible IDOC records, petitioner is currently scheduled to be released from prison on March 27, 2005, when he will enter upon the three-year period of supervised release.

A federal court may not grant a writ of habeas corpus unless "it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of

---

[1] According to the petition, petitioner filed a prior post-conviction petition on August 29, 2001, that was summarily dismissed by the trial court on November 29, 2001. The petition states that the Illinois Appellate Court reversed and remanded on April 16, 2003, but does not state what relief, if any, was granted after remand.

available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner." 28 U.S.C. § 2254(b)(1)(A),(B). Although petitioner's pending appeal is *prima facie* evidence that he has an unexhausted, available, state-court remedy, petitioner claims the First District Appellate Court rejected his position in a prior opinion, rendering his appeal futile. For the following reasons, the court declines to entertain the petition.

Under Illinois law, every prison sentence, except a sentence of natural life, carries with it, "as though written therein," an additional term of mandatory supervised release, which we will refer to as "MSR." 730 ILCS 5/5-8-1(d). Petitioner states, and at this stage we accept as true, that at his plea hearing he was not admonished that his 10-year sentence for a Class X-level felony would entail a three-year MSR term. Petitioner asserts that the sentence he agreed to serve did not include the MSR term, and asks the court to enforce the bargain he made. Although at one point petitioner states that he "did not plead guilty with full knowledge and understanding of the consequences of his plea," Pet. at 5(c), he unequivocally states that "Petitioner does **not** seek to withdraw or otherwise invalidate his guilty plea." Pet. at 5(h)(emphasis in original). Rather, petitioner seeks specific enforcement of the plea agreement.

Petitioner asserts that this court may grant the relief he seeks and amputate the MSR term from his sentence, citing *U.S. ex rel. Russo v. Attorney General of Illinois*, 780 F.2d 712, 719 (7th Cir. 1986), holding that when fundamental fairness requires it, a federal court may strike a petitioner's mandatory supervised release term "so that his sentence comports with the bargain he made." Petitioner claims, however, that *People v. Russell*, 345 Ill.App.3d 16, 21-23, 801 N.E.2d 977, 982-83 (1st Dist. 2003), precludes such relief in the Illinois courts.

The Appellate Court in *Russell* reversed the summary dismissal of a post-conviction petition alleging that the defendant had been denied due process in pleading guilty because the trial court failed to admonish him, as required by Illinois Supreme Court Rule 402, that he would be required to serve a 2-year MSR term in addition to his negotiated 14-year prison term. The Appellate Court noted that "the mere failure of the trial court to explain the mandatory supervised release term prior to accepting a guilty plea does not, *per se*, render the plea agreement constitutionally infirm." *Russell*, 345 Ill.App.3d at 19, 801 N.E.2d at 980 (*quoting People v. Smith*, 285 Ill.App.3d 666, 669, 676 N.E.2d 224 (1st Dist. 1996)). Rather, to establish a due-process violation, three conditions must be

2

met: (1) the record must establish that the court informed the defendant he would receive a specific sentence; (2) the defendant was sentenced to a greater term, taking into account any period of supervised release; and (3) the defendant raises a good-faith argument that he would not have pled guilty if he had been fully and correctly informed by the court of his potential sentence. *Id.*, 345 Ill.App.3d at 19, 801 N.E.2d at 981 (*citing Smith*). Finding that the petition alleged these elements, the Appellate Court held it should not have been summarily dismissed. *Id.*, 345 Ill.App.3d at 20-21, 801 N.E.2d at 982.

In remanding the post-conviction petition, the Appellate Court commented on the defendant's request that his 14-year prison term be retained and his MSR term stricken, the same relief petitioner seeks from the Illinois Appellate Court in his pending appeal and that he seeks here. The court stated that because the MSR term is a statutory part of any sentence of imprisonment, it may neither be bargained away by the prosecution nor stricken by the court as a remedy. If a defendant shows that the failure to advise him of the MSR term at the time he pleaded guilty was a denial of due process, the only available remedy is to permit defendant to withdraw his guilty plea and vacate his sentence. *Russell*, 345 Ill.App.3d at 22, 801 N.E.2d at 983.

We disagree that the Appellate Court's opinion in *Russell* entitles petitioner to seek a writ of habeas corpus from this court before exhausting his claim in state court, for three reasons. First, assuming for the moment that *Russell* squarely rejected petitioner's position, adverse precedent excuses exhaustion only when it precludes state courts from *considering* a claim, not when it indicates that the claim will be rejected on the merits. The Supreme Court stated in *Duckworth v. Serrano*, 454 U.S. 1, 3 (1980), that the exceptions to the exhaustion requirement apply only "if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." The Seventh Circuit understands "corrective process" as referring only to the state's post-conviction *procedure*: "[T]he pertinent question is not whether the state court would be inclined to rule in the petitioner's favor, but whether there is any available state procedure for determining the merits of petitioner's claim." *Spreitzer v. Schomig*, 219 F.3d 639, 647 (7th Cir. 2000). Consequently, since petitioner *can* put his claim before the state courts, he must do so.

As petitioner acknowledges, Illinois courts are required to obey the Constitution as interpreted by decisions of the United States Supreme Court. They are not, as he apparently believes, required

to follow decisions of the Seventh Circuit Court of Appeals, or any other inferior federal court. The exhaustion requirement preserves comity between state and federal governments. *See Serrano*, 454 U.S. at 3-4. The 1996 AEDPA amendments further this purpose by limiting the scope of federal habeas review to whether the state courts reasonably applied "clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d), rather than federal law as determined by inferior federal courts as well. It would undermine this purpose to permit a petitioner to claim "futility" and shift his claim to federal court if he finds state-court precedents are adverse to him.

Second, even assuming that adverse state-court precedent may excuse exhaustion, only a ruling by the state's highest court should have that effect. This is consistent with the requirement that a petitioner challenging a state conviction present his claims to the state's highest court before seeking federal habeas review, a requirement that is not excused even if review by the state's highest court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). See *Thompson v. Reivitz*, 746 F.2d 397, 401 (7th Cir. 1984); *Lynch v. Sandahl*, 793 F.Supp. 787, 794 (N.D.Ill. 1992)(Aspen, J.)(federal courts may excuse exhaustion requirement "where presentation to the state courts would be futile due to adverse supreme court precedent").

Third, the claim petitioner asserts is not the same claim addressed in *Russell*. Petitioner confuses two potential claims. The first is a claim that failing to inform the defendant of the MSR term rendered his guilty plea involuntary. A guilty plea must be knowingly and intelligently made. Voluntariness is determined by considering all of the relevant circumstances surrounding the guilty plea. *St. Pierre v. Walls*, 297 F.3d 617, 634 (7th Cir. 2002)(*citing Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969), and *Brady v. United States*, 397 U.S. 742, 749 (1970). In the process of accepting the plea the defendant must be made aware of the consequences of the plea. *Id.* By analogy to contract law, the lack of assent to a material term prevents the existence of a contract. This was the claim asserted in *Russell*: "that [defendant's] plea was neither knowing nor voluntary because the trial court failed to admonish him with respect to the two-year term of mandatory supervised release." *Russell*, 345 Ill.App.3d at 18, 801 N.E.2d at 980.

Petitioner here raises a different claim: that he agreed to plead guilty in exchange for a 10-year prison sentence with no MSR term. Rather than seeking to void his plea, petitioner affirms his plea

4

and seeks specific enforcement of the bargain. It may be that petitioner does not attack the validity of his plea because he cannot satisfy the third element under *Russell* and *Smith*, that he cannot allege in good faith that he would not have accepted the bargain had he known of the MSR term. Nevertheless, under petitioner's theory, he does not have to. One seeking to enforce a bargain does not have to show he would not have agreed to receive less than he was promised. Whether petitioner has stated a constitutional claim, we need not decide.[2] It is enough that it was not considered in *Russell*.

It appears that *Russell* does foreclose the relief petitioner seeks, i.e., vacating the MSR term while leaving the remainder intact. *Russell* does not foreclose another form of relief, shortening the term of incarceration (within statutory limits) so that the sentence, together with the period of supervised release following it, does not exceed the bargained-for sentence. Although this remedy will normally leave a defendant in a better position than if the MSR term were stricken, it is unclear how that might apply to petitioner, who is likely to be released from custody before the state courts issue a final ruling.

Nevertheless, Illinois courts recognize that the United States Constitution, as interpreted by the United States Supreme Court, is the supreme law of the land. Principles of comity require that the Illinois courts be given the first opportunity to rule on petitioner's claim, and should he persuade them that the Constitution requires him to be resentenced contrary to Illinois statutes, he will be so resentenced.

As an additional ground for excusing exhaustion, petitioner asserts he will suffer irreparable harm if his MSR term is not stricken, because he will be required to give a sample of his blood, saliva or tissue for DNA testing as a condition of his release pursuant to 730 ILCS 5/5-4-3(a)(5).[3]

---

[2] Petitioner does not allege that the state affirmatively represented that he would not have to serve the MSR term, or that his counsel failed to advise him of the MSR term, or that petitioner, who had previously been incarcerated, was not aware that any sentence of incarceration is followed by MSR.

[3] The current version of 730 ILCS 5/5-4-3(a)(5) provides: "[A]ny person incarcerated in a facility of the Illinois Department of Corrections on or after August 22, 2002 shall be required to submit a specimen of blood, saliva, or tissue prior to his or her release on parole or mandatory supervised release, as a condition of his or her parole or mandatory supervised release." However, as amended by P.A. 93-781, effective January 1, 2005, provides that a prisoner "shall be required to submit a specimen of blood, saliva, or tissue prior to his or her *final discharge* or release on parole or mandatory supervised release, as a condition of his or her parole or mandatory supervised release" (emphasis added). Petitioner is not scheduled to be released until 2005. Consequently, even if petitioner's MSR term were stricken, he would still be required to give a sample.

5

Petitioner contends that requiring such a sample is an unreasonable search in violation of the Fourth Amendment.

A constitutional challenge to the collection of samples for DNA testing, as such, is properly brought in a civil suit under 42 U.S.C. § 1983 rather than a habeas corpus proceeding. The lawfulness of petitioner's custody is implicated, however, because disobeying an order to give a sample may result in loss of "good time" credit and prolong petitioner's custody. However, if such an order is lawful, petitioner may be lawfully punished for disobeying it. The Seventh Circuit upheld the constitutionality of a similar Wisconsin statute in *Green v. Berge*, 354 F.3d 675 (7th Cir. 2004), and Judge Reinhard of this court, following *Green*, found the Illinois statute constitutional in *Sterson v. Doe*, No. 03 C 50053. 2004 WL 1630500 (N.D.Ill. June 2, 2004).

Treated as a claim for habeas relief, this claim is both unexhausted and meritless. Treated as a reason for excusing exhaustion, petitioner cannot assert that state-court procedures are inadequate or ineffective to protect his right to avoid DNA testing when no such right exists. For the foregoing reasons, the petition for habeas corpus is dismissed without prejudice for failure to exhaust state remedies.

IT IS SO ORDERED.

Charles R. Norgle, Sr., Judge
United States District Court

DATED: _____